BETTY K. MACKIN AND JOHN J. MACKIN, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. CELIA LAST, DEFENDANT-APPELLANT.

Submitted May 6, 1941—Decided August 1, 1941.

Before Justices PARKER, DONGES and COLIE.

For the plaintiffs-respondents, *Edward V. Ryan.*

For the defendant-appellant, *Townsend & Doyle* (*Mark Townsend, Thomas F. Doyle* and *Cyril J. Galvin,* of counsel).

The opinion of the court was delivered by

COLIE, J. Defendant-appellant appeals from judgments entered at the Hudson Circuit in favor of Betty K. Mackin for $1,000 and in favor of John J. Mackin for $500. Defendant-appellant argues two grounds for reversal (1)

refusal to nonsuit; (2) refusal to direct a verdict and has abandoned the ground directed to error in the charge to the jury.

Defendant was the owner of a private house at the corner of Bergen and Belmont avenues in Jersey City. The plaintiffs occupied six rooms on the first floor as living quarters and for Dr. Mackin's office. Celia Last, the defendant, also occupied rooms on the first floor. Both the Mackins and the Lasts had access through the entrance fronting on Bergen avenue and also through the rear entrance which was the sole means of access for the second floor tenants, named Williams. The rear entrance gave upon a flagstone walk at the end of which was a flight of eight stone steps leading down to the sidewalk level of Belmont avenue.

At about 9 P. M. December 22d, 1938, Mrs. Mackin, accompanied by her husband and father-in-law came out of the rear entrance, walked toward the stone steps and as she came to the top step she slipped and fell, sustaining injuries for which the jury compensated her and her husband by the judgments under appeal. She saw spots of snow on the steps and after the accident, felt ice beneath the snow. On December 21st, the day prior to the accident, one-half inch of snow had fallen, the snowfall ceasing at 6:30 P. M. On the day of the accident, there was no snowfall but the expert called on behalf of the plaintiff testified that the temperature ranged between 28 and 34 degrees until 5:30 P. M., when the thermometer read 26 degrees. The maintenance man employed by the defendant testified that between 3 and 4 P. M. on December 21st, he swept off the steps on which plaintiff fell. Thus the jury might find that snow continued to fall for two and one-half hours after the steps had been swept. The trial judge quite properly left it to the jury to determine whether or not there was a failure upon the part of the defendant, by her agent, to exercise reasonable care.

Defendant-appellant argues that even though there was evidence of negligence upon her part, nevertheless there should have been a nonsuit or direction of verdict in favor of defendant because the plaintiff Mrs. Mackin assumed the risk of injury in proceeding down the steps with knowledge that

there was snow on them. Defendant-appellant seeks to bring the present case within the rule in *Costanzo* v. *Prudential Insurance Co.*, 121 *N. J. L.* 361, but in that case the plaintiff had known of the dangerous condition of the steps for some four months. Here, however, the plaintiff had no knowledge that the snow covered an area of ice until after she had slipped and fallen. On this phase of the matter, the case of *Boyle* v. *Baldowski*, 117 *N. J. L.* 320, is in point.

The judgments appealed from are affirmed, with costs.